# NOVEMBER, 1914.

---

## J. C. MILLER v. THE STATE.

No. 3301. Decided November 4, 1914.

**Malicious Mischief—Poisoning Chickens—Intent to Injure—Insufficiency of the Evidence.**

Where, upon trial of wilfully and maliciously poisoning chickens with intent to injure the owner, there was a total lack of evidence that the chickens died from poison, and, if they did, that the defendant administered same directly or indirectly, the conviction could not be sustained.

Appeal from the County Court of Delta. Tried below before the Hon. J. N. Viles.

Appeal from a conviction of malicious mischief; penalty, a fine of $10. The opinion states the case.

*Newman Phillips,* for appellant.—On question of insufficiency of evidence: Stephens v. State, 66 Texas Crim. Rep., 405, 147 S. W. Rep., 255; Nicholson v. State, 90 S. W. Rep., 1011; Brooks v. State, 56 Texas Crim. Rep., 513, 120 S. W. Rep., 878; Yarbrough v. State, 69 Texas Crim. Rep., 150, 151 S. W. Rep., 545; Owens v. State, 25 Texas Crim. Rep., 552; Woodward v. State, 28 S. W. Rep., 204.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was charged with wilfully and maliciously poisoning a chicken with intent to injure the owner.

There is no evidence that the chicken died from being poisoned. Appellant and Mr. J. W. White were neighbors. Mr. White had his yard enclosed with chicken wire, but he says his chickens sometimes got out by reason of the gates being left open. The evidence further shows that appellant placed rat poison in his yard, as he says, to kill rats. There is no evidence that the gates of Mr. White were left open and that

his chickens got out after appellant placed the rat poison in his yard, until the time of the death of the two chickens. No one says the two chickens died from poison—the only evidence is that they were apparently healthy chickens, and one morning were found dead in the chicken house. No examination was made to see what occasioned their death, so far as this record discloses. No one saw the chickens in appellant's yard after the poison had been placed out in his yard by him. There is a total lack of evidence, except surmise, that the chickens died from poison, and no evidence, if they did, that they were in appellant's yard after the poison had been placed there by him, as he says to kill rats.

The evidence wholly failing to sustain the verdict, we do not deem it necessary to discuss the other questions.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*